The matter for the morning is U.S.A. v. Derrick Kenrick, and Ms. Gerlach, you are here on behalf of the appellant. Thank you, your honor. Good morning. May it please the court, for the record, my name is Karen Sirianni Gerlach, and I am the attorney for the appellant in this case, Mr. Derrick Kenrick. At this time, I would ask the court's permission to reserve two minutes of rebuttal time. Go ahead. Thank you, your honor. As an initial housekeeping matter, I would just like to note that on Tuesday, this court issued its opinion in United States v. Volcker, and on Wednesday, I emailed to this court a 28-J letter informing the court of that decision, stating my position with regard to it, and noting the government's position at that time. Naturally, we'll want to hear from Mr. Everhart, but in the wake of Judge McKee's Volcker opinion, what's left of the government's position? What is left for the government? Nothing, I would say. And frankly, your honor, if the opinion had come down sooner, I would have filed a motion for summary remand based upon that issue. I assume when you're saying what's left for the government, you only mean with regard to the restrictions on pornography condition. Nothing is left. I frankly do not see how the case could be distinguished. And in fact, it's even stronger here, because Volcker was a child pornography case. And if this court struck down a restriction on adult pornography in another type of pornography case, then all the stronger the condition here where there was no involvement whatsoever of any kind of pornography, it's even stronger that that condition is not reasonably related to the needs and the goals of supervised release, and that the condition must be stricken. In order of procedures, these opinions are circulated. They're going to be precedential to all the court for eight days before they're published. So when the opinion came around, naturally, I had it, and I read it. And I thought, well, maybe what we ought to do, I knew you didn't know about it. You couldn't, because it's private until it's released. There can be a bank on that grievancy. So I thought, well, maybe we ought to remand the matter and let the court reconsider the sentence and all that. There is still the issue, though, of the lifetime term of supervised release. And I think that, frankly, it is very clear-cut that there needs to be a remand with regard to that condition on the pornography restriction. But I do respectfully submit that the district court needs some guidance on the appropriateness or lack thereof of a lifetime term of supervised release. Simply stated, this is not a hardened veteran criminal who needed to spend the rest of his life on supervised release in order to be rehabilitated and, in fact, deterred from such further behavior. He is required to register as a sex offender. He is someone who had zero criminal history points. He has very few prior convictions, and those which he does have deal with things such as bad checks and other matters that have nothing to do with sexual offenses, offenses involving minors or children, or anything that's even remotely pertinent. The district court, though, felt compelled, without giving much reasoning, to impose the entire lifetime term of supervised release. When you say felt compelled, compelled by what? Well, that is part of the problem, Your Honor. The district court did not really give very good reasoning on it and basically gave none, but for some reason felt compelled. The sum total of the district court's reasoning can be found in the appendix on page 80. And all that the district court said was the court considers what occurred here to be a serious crime requiring sentencing coupled with a lifetime of supervised release. Defense counsel subsequently objected on page 82 of the appendix, and the district court just generally said on page 83, I will overrule the defendant's objections to the condition of release relating to the polygraph exam. Didn't even get into the matter of supervised release lasting for the entire life of the defendant. And so that indicates that the district court did not have strong reasoning in giving the entire lifetime term of supervised release, and is likely to possibly give it again. And again, I would respectfully submit needs guidance from this court on the fact of the matter that this is not someone who needed that long of a term of supervised release. Frankly, it's a burden on the system and on the government to keep him on the books that long and to have to monitor him for his whole life, which is a costly matter for someone with zero criminal history points and no prior convictions involving sexual offenses or children. I guess I'd be interested in hearing what standard you would expect the Court of Appeals to apply in determining what I take it is your burden, determining that this is an unreasonable constraint. It's within the statutory authority of the district court. I suppose it's not enough simply to persuade three members of the panel, or at least two, that maybe if they'd been the sentencing judge, they wouldn't have done the same thing. How do we proceed? Simply because it is statutorily authorized does not mean that it's reasonable. The reasonableness must be assessed under the 3553A factors. The nature and circumstances of the offense. This wasn't something that was violent. This wasn't something that was a repeat occurrence. The history and characteristics of the defendant. This isn't someone with a long criminal history. This isn't someone with prior offenses dealing with children or sexual crimes. Deterrence. Because he had no prior convictions dealing with children or sexual offenses, how can we say that he's unlikely to be deterred in the future and he hasn't learned his lesson? So we need to keep him on the books for the rest of his life. Protection of the public from further crimes. Again, no record of this previously. And the need to rehabilitate the defendant. Also, he is registering as a sex offender. And that, if there are concerns about deterrence or rehabilitation, not alone, I think is very strong and very compelling in terms of the deterrence of him, that he is listed out there for all the world to know as a sex offender and that others in the world have noticed this status and then the chance to avoid him or keep their children away from him. Perhaps I can put my concerns more precisely in focus. I had some difficulty distilling out of the sentencing hearing transcript just what the interests were which, from the point of view of the sentencing judge, led to this conclusion. On the other hand, it's my understanding that the guidelines, the guideline commentary on supervised release, suggests that a supervised release sentence at the maximum is, I think the term is recommended with respect to sex offenses. In the statute, it doesn't say recommended for starters, 3583K. And again, simply because it's recommended doesn't mean that it's required or that it's reasonable. And again, we submit that given the history of this particular defendant, the nature and circumstances of the offense, the concerns of deterrence and rehabilitation simply is not dictated here, Your Honor. If there are no further questions, I will defer until rebuttal. Thank you very much. We'll have you back on rebuttal. Thank you. Mr. Eberhardt. Good morning. May it please the Court, I am Robert Eberhardt, Assistant United States Attorney. And initially with regard to Argument 2 regarding the section of explicit materials, Ms. Gerlach was kind enough, we both agreed that a Rule 28J letter was appropriate in this case. The last sentence in that letter is mine. And what it essentially says is the government recognizes the applicability to Argument 2 of the Volcker case. Having argued Volcker, I was particularly aware of the Volcker case and its thrust. Well, what should we do? What should we do about it? How do you think about remanding it? I think obviously a remand is appropriate. Reading Volcker, what the Court was concerned with in Volcker is the lack of an articulation of why such a restriction was imposed on Volcker by the District Court. It arguably can be said that this record makes the same observation about this record, that there is a lack of a connection between the restriction against section of explicit materials and I would point out that the District Court may consider other alternatives to what the District Court was imposing by that requirement upon remand. There may be a lesser restrictive imposed condition that the District Court might consider upon remand. I think that might be appropriate. Following up Judge Greenberg's question, if remand is the proper course, as he would rather suggest it would be, would I be right in supposing that the remand would be for the District Judge to reconsider the entirety of the sentence to be imposed? Well, obviously the sentence of imprisonment is not before the Court and is not being challenged, so I would suggest that part of the sentence would not be challenged. But the conditions of supervised release... And the extent of the supervised release. I think reading Volcker, the Court was also concerned about the fact that in that case there was a lifetime period of supervised release also and the Court specifically says that its discussion on page 8 of the opinion applies to the term of supervised release with equal force. So to the extent that an examination of the basis for a condition that is for life is supported by the record and was considered by the District Court and considered the fact that one of the conditions that the Court imposed was this condition prohibiting possession or access to sexually explicit materials, I think the Court might want to reconsider its entire supervised release conditions. But I would point out on the lifetime, Judge Pollack, you're correct, there is not a mandated lifetime supervised release, but it is not only recommended, but the legislative history makes it clear, and I would briefly quote from it, that the lifetime of supervised release was a response to long-standing concerns of federal judges and prosecutors regarding the inadequacy of the existing supervision periods for sex offenders, particularly for the perpetrators of child sexual abuse crimes whose criminal conduct may reflect deep-seated, aberrant sexual disorders that are not likely to disappear within a few years of release from prison. That change in 2003, which was applicable in this case, I think the District Court was correct in considering, and I would point to the record here that the District Court adopts the non-contested findings of fact and factual material that's set forth in the pre-sentence report. There is a reflection of not necessarily a history of sexual crimes, but there is clearly a reflection of sexual conduct involving young girls, those under the age of 16. And even during the period where he was soliciting this victim over the internet from Georgia, he was also soliciting another 14-year-old. So I think that, and he's a 50-year-old man, and I think the history and the circumstances were such that a lifetime period of supervised release was appropriate for the District Court to impose. What's he supposed to do? Is he supposed to get a censor before he buys a book? Because he can't have a book that describes sexually explicit conduct. So if he would buy a legitimate historical novel, in the course of the novel, imagine the fact, you know the way they write novels, a heterosexual relationship between a married couple, which is described in not a very graphic way, like they did or something like that. He can't buy that book, because it does describe sexually explicit conduct. So I don't know how he can buy a novel. I guess he's kind of, you know, it turns out, I don't read a lot of novels, I read mostly real stuff. But when you buy a novel, it's always somehow or other, even stuff about lawyers, which I'd like to read those novels. But usually there's something in there. You could leave it out when you wrote the novel. I don't argue that there are restrictions in that condition that are problematical in light of Volcker. What I'm suggesting is if you take out that condition, the rest of the conditions that are imposed by the district court can be validly sustained.  to impose a somewhat lesser restrictive condition that goes towards sexually explicit materials in a different manner than the broad statement that was made in Volcker and in the current record, that upon remand the district court might be able to construct a less restrictive limitation on materials. I'm actually kind of interested in the fact that this is a case that did specifically involve the use of the internet to solicit a 13-year-old girl, and yet the court did not impose a limitation upon use of computers or the internet in this case. And I think that might be something the district court might consider, and I would tell the court, when I argued the Volcker case, I had to tell the court that the Western District of Pennsylvania did not have in place a method by which internet and computer usage could be revocably monitored. This week I was told by the Chief Probation Office that that is no longer the case, so that the district court might consider, in lieu of this broad restriction under sexually explicit materials, that it might impose a restriction on the internet because this particular defendant was using the internet to solicit a 13-year-old girl, and that might be a very appropriate one. I think even in light of Volcker, the district court could and can impose a restriction on use of the internet. I was thinking that we might meet Judge Greenberg's concern, and perhaps yours, by substituting, instead of a prohibition on what could be read, simply a direction that Mr. Cameron can find his reading to reports of the United States Court of Appeals for the Third Circuit. There could be an Eighth Amendment issue there. And if you'd like me to be up late at night and read you that, it's your honor. Mr. Aberhart, if you'll allow me, notwithstanding what I inappropriately interjected into the discussion, if you'll allow me, my concern with respect to the lifetime supervised release requirement is that I get very little enlightenment from the judge's explanation as to why he came to that result. There's a very close paraphrase of 3553, but is that all that's required? It seems to me there have been instructions from this court suggesting that more is needed. This sentencing occurred some time ago, and I think this court's jurisprudence since that time have focused both prosecutors, defense counsel, and district courts on 3553A's provisions, and I hopefully can say that district courts today who are sentencing are expanding upon their discussion of those factors and putting them on the record. Obviously, I can guess what the district court judge was considering because he had the pre-sentence report in front of him and saw what was there, and he had this defendant in front of him. In fact, the prosecutor presented the district court with a photograph of the defendant and the victim here to show the court the disparity in not only the age, but the obvious disparity that was very relevant from that particular photograph. There are things in the record in the pre-sentence report that the district court at the time of sentencing did not expand upon, and I readily admit that. I think if this sentencing occurred today in the district court, hopefully there would be a more expansive discussion of the 3553A factors, but what I'm suggesting is if you take out the requirement for sexually explicit material to be prohibited and not possessed, I think this condition of supervised release for a lifetime is justifiable on this record as adopted and accepted by the district court. The pre-sentence report goes through a lengthy history of this individual and his involvement with young women, and I think that suggests very strongly in light of Congress' suggestion, the policy statement, that the district court should have considered a lifetime period because it would be appropriate with this type of sex offender. Wouldn't we be more comfortable if we gave the sentencing judge the opportunity to tell the world and tell Mr. Kendrick and to tell this court that what he had in mind was some of the considerations that are in the pre-sentence investigation report, how that factored into his decision? Yeah, obviously I couldn't disagree with the court on that. I think that there are reasons for this lifetime period of supervision, and I think they exist and they do not appear within the sentencing transcript itself, and I know from the Volcker opinion this court is not comfortable in its role as an appellate court reviewing sentencing to go outside of the sentencing materials that are presented in the record before this court, and I recognize that. Thank you. We have no further questions. Thank you very much. Thank you. Thank you, Mr. Chairman. A rebuttal, Ms. Guerrero? Yes, please. Your Honors, clearly under Volcker this case needs to be remanded, and the term of supervised release examined, and since it's going back on that term, the pornography restriction, I would again respectfully submit that it should be reexamined on all fronts. The government's reliance upon an alleged history between the defendant and young girls is misplaced for a number of reasons. First of all, to say that it's an extensive history is a grave exaggeration. Only Paragraph 17 and 51 of the pre-sentence report mention any such incidents. In Paragraph 17, one of the incidents involved a 26-year-old girl who really can't even be called a girl. That's beyond the age of majority. And then there was a 14-year-old. The situation in Paragraph 51 was a situation in which the parents had consented to the relationship. But most importantly, I think, is the fact that none of these alleged prior incidents were convictions, and that presents a number of problems. First of all, there was no proof beyond a reasonable doubt. So how can we base a lifetime term of supervised release on something really that's not adequately proven? And furthermore, because there were no convictions associated with those events, how can we say that he needs supervised release because he needs to be deterred because he hasn't learned his lesson or whatever? We don't know how he's reacted yet to a conviction for this, so we can't say that he needs the entire lifetime term of supervised release. The district court's reasons for imposing such a lengthy term of supervised release simply cannot be discerned from the record. What would be a reasonable term? I'm sorry? You know, I always wonder what would be a reasonable term. And a lot of the, you know, I think I don't have any history of judges having to sentence because it's not like an engineer calculates how much weight he's going to deal with, you think for a number, and then he outscores a little bit, and then he multiplies it by five, you know, for safety. That's it. Just as one of those kind of calculations. I believe under 18 U.S.C. section 3583K, the provision which authorizes a lifetime term of supervised release, it also mentions a five-year term as being appropriate, that it's either or. So I would submit that five years is probably an appropriate term if I'm reading the statute correctly and recollecting it correctly. So there is alternative authorization for another term short of life. Thank you, Ms. Glick. Thank you. I thank both counsel and Mr. Hemmert. Thank you for your candor. We will take the case under advisement.